1  Daniel P. Struck, Bar No. 012377
2  Yulingxuan Liu, Bar No. 037139
   STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3  3100 West Ray Road, Suite 300
   Chandler, Arizona 85226
4  Telephone: (480) 420-1600
   dstruck@strucklove.com
5  yliu@strucklove.com

6  *Attorneys for Defendant CoreCivic*

7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF ARIZONA**

10  Michael Westcott,                    Case No.: 4:22-cv-00109-RM-PDOT
                              Plaintiff,
11
         v.                              **DEFENDANT CORECIVIC'S**
12                                       **MOTION TO DISMISS**
    CoreCivic, Inc.,                     **PLAINTIFF'S COMPLAINT (DKT.**
13                          Defendants.  **1-1)**

14

15       Defendant CoreCivic moves to dismiss Plaintiff Michael Westcott's Complaint

16  pursuant to Federal Rules of Civil Procedure 12(b)(6). Dismissal is appropriate because

17  Plaintiff cannot bring federal claims against CoreCivic under *Bivens* and Plaintiff fails to

18  state a medical malpractice claim. CoreCivic respectfully requests that the Court dismiss

19  this matter with prejudice as leave to amend would be futile.

20           **MEMORANDUM OF POINTS AND AUTHORITIES**

21  **I.    Background**

22       Plaintiff Westcott was a United States Marshals Service ("USMS") detainee at all

23  times relevant to his Complaint. (Dkt 1-1, at 2-3.) Plaintiff alleges that, on December 2,

24  2019, during his arraignment at the federal courthouse in Tucson, Arizona, the Court

25  ordered "immediate medical attention" upon his arrival to the Central Arizona Florence

26  Correctional Complex ("CAFCC").[1]  (*Id*, at 3.)  However, Plaintiff does not specify to

27  ─────────────────
         [1] CoreCivic owns and operates CAFCC pursuant to a correctional services
28  agreement with the USMS.

whom the order was directed and what medical attention was needed. (*Id.*)

Plaintiff alleges that he was injured by a cut from tight handcuffs during transport from the federal courthouse to CAFCC. (*Id.*)  He alleges his wrist was bleeding and his arm was numb, but no Correctional Officers ("CO") responded to his complaints.  (*Id.*)   Upon arrival at CAFCC, Plaintiff alleges he saw medical staff around 3:30 a.m., but they refused his request to go to the hospital and told him to wait to see the "day crew." (*Id*, at 4.) Plaintiff alleges that the medical staff did not see him the following morning. (*Id.*) As a result, at 4:30 p.m., Plaintiff alleges that he showed a CO his red and swollen arm and the CO "took [Plaintiff] to the medical department himself." (*Id.*)  Plaintiff alleges the intake nurse told him he was overlooked and that is why he was not seen sooner.  (*Id.*)  Plaintiff then alleges that he was transported to Mercy Gilbert Medical Center ("MGMC"), where he had surgery and stayed for nine days due to sepsis in his arm.  (*Id.*)

Plaintiff alleges that he was discharged back to CAFCC with orders to administer antibiotics via an IV port in his chest and change dressings twice per day. (*Id.*) However, Plaintiff alleges that CoreCivic staff only changed his dressings once per day, as a result, he was readmitted to MGMC to undergo additional surgery. (*Id.*) Plaintiff alleges he was discharged after five days with orders to have dressing changes twice a day and pain medications.  (*Id.*)  Plaintiff alleges that CoreCivic denied him pain medication. (*Id.*) Once he finished taking his antibiotics, CoreCivic made an appointment at Banner Ironwood Medical Center to have the port removed from his chest. (*Id.*)

Plaintiff filed this Complaint in the Pima County Superior Court on November 10, 2021, against CoreCivic, claiming violation of a court order, excessive force for the tight handcuffs, deliberate indifference to serious medical needs, and medical malpractice. (*Id.* at 3-8.)  On March 7, 2022, CoreCivic removed the case to the United States District Court for the District of Arizona. (Dkt. 1.)  CoreCivic now moves to dismiss Plaintiff's Complaint for failure to state a claim.

## II.    Plaintiff's Federal Claims Are Barred by Claim Preclusion.

Claim preclusion (res judicata), prohibits relitigating a claim when there already has

1  been a final judgment on the merits of the claim between the same parties or a related party.

2  *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 946 (9th Cir. 2002) (affirming district court's

3  dismissal of the action based on claim preclusion, finding that dismissal with prejudice is

4  an adjudication on the merits).  Here, Plaintiff had brought the same federal claims before

5  this Court in an earlier lawsuit, and they were dismissed for failure to state a claim on

6  October 12, 2021, October 28, 2021 respectively.  *See Michael Westcott vs. CoreCivic*, No.

7  CV 21-00154-TUC-RM (2021) (Dkt. 40); *Michael Westcott vs. CoreCivic*, Case 4:21-cv-

8  00395-RM-PSOT (2021) (Dkt. 4).  The Court held Plaintiff's sole remedy arose under state

9  law.  *Id.*  Plaintiff repeats the same allegation about inadequate medical treatment for his

10  alleged injury from tight handcuffs in this case.  (Dkt. 1-1, at 7-8.)  Thus, his claims are

11  barred by res judicata.

12  **III.**   **Plaintiff's Complaint Fails to State a Claim for Relief.**

13  Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim

14  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A pleading must contain "a

15  short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

16  R. Civ. P. 8(a)(2).  This "demands more than an unadorned, the-defendant-unlawfully-

17  harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action,

18  supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

19  678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1986)).

20  To survive a motion to dismiss, a complaint must state a claim that is "plausible on

21  its face." *Id.*  Plausibility, though not akin to a "probability requirement," is more than a

22  "sheer possibility that a defendant has acted unlawfully." *Id.*  "A claim has facial plausibility

23  when the plaintiff pleads factual content that allows the court to draw the reasonable

24  inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that

25  contains facts that are "merely consistent" with a defendant's liability "stops short of the

26  line between possibility and plausibility of entitlement to relief." *Id.*

27  **A.**   **Plaintiff's Claim that CoreCivic Violated a Court Order Fails.**

28  Plaintiff's claim that CoreCivic violated a Court Order to provide him medical care

3

1    is misplaced. (*See* Dkt. 1-1, at 3.) Plaintiff does not specify to whom the order was directed

2    and what medical attention was needed. (*Id.*)  Moreover, Plaintiff does not allege that

3    CoreCivic had any notice of the Court Order to provide Plaintiff medical care.  Because the

4    Court Order was not directed at CoreCivic and CoreCivic had no notice of the Order, the

5    Court should dismiss this claim.

6               **B.**       **Plaintiff's Federal Claims Against CoreCivic Fail.**

7         A federal detainee's constitutional claim against a federal actor must arise, if at all,

8    under *Bivens*.  *See Hydrick v. Hunter*, 669 F.3d 937, 940 n.3 (9th Cir. 2012).  But *Bivens* is

9    an implied cause of action that serves a specific purpose to deter individual federal officers

10    from committing constitutional violations, and the Supreme Court has consistently declined

11    to extend *Bivens* beyond that narrow context.  *Corrs. Servs. Corp. v. Malesko*, 534 U.S. 61,

12    66–70 (2001).  A *Bivens* claim is thus improper against a private entity acting under color

13    of federal law.  *Id.* at 74.  A *Bivens* claim is also improper where alternative state-law tort

14    or statutory remedies exist.  *See Vega v. United States*, 881 F.3d 1146, 1154–55 (9th Cir.

15    2018).

16         Here, Plaintiff may not bring either the Eighth Amendment excessive force claim or

17    the deliberate indifference to serious medical needs claim under *Bivens* because CoreCivic

18    is a private entity.  *Malesko*, 534 U.S. at 74.  Nonetheless, Plaintiffs' claims fall within

19    traditional state tort law, Plaintiff's vague attempt to assert medical malpractice is an

20    alternative state-law remedy that shows any *Bivens* claim would be improper here.  Further,

21    even if Plaintiff had named the officer or officers who allegedly placed his handcuffs on too

22    tightly, there is no *Bivens* remedy for a privately employed officer working at a privately

23    operated federal prison where the conduct allegedly amounts to a violation of the Eighth

24    Amendment.  *See Minneci v. Pollard*, 565 U.S. 118, 129 (2012) (holding *Bivens* claim may

25    not be brought against employees working at a privately operated federal prison where the

26    allegedly wrongful conduct is of a kind that typically falls within the scope of traditional

27    state tort law); *accord Vega*, 881 F.3d at 1154–55 (holding that *Bivens* did not apply to Fifth

28    Amendment due-process claim because plaintiff had alternative remedies against private

1    entity's employees through 28 C.F.R. 542.10).

2            Plaintiff's sole remedy arises under state law and he cannot pursue federal claims.

3        **C.    Plaintiff's Inadequate Medical Care Claim Fails.**

4            To state a claim for inadequate medical care, an inmate must allege deliberate

5    indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A

6    prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate

7    violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[T]here

8    is both an objective and a subjective component to an actionable Eighth Amendment

9    violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

10           Deliberate indifference exists only when "the official knows of and disregards an

11   excessive risk to inmate health or safety; the official must both be aware of the facts from

12   which the inference could be drawn that a substantial risk of serious harm exists, and he

13   must also draw the inference." *Farmer*, 511 U.S. at 837. Even "an official's failure to

14   alleviate a significant risk that he should have perceived but did not" is not deliberate

15   indifference. *Id*. at 838; *see also Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir.

16   2002). The deliberate indifference standard is essentially one of purposeful cruelty,

17   *Sherman-Bey v. Cate*, No. CV 12-9281 RGK (RZ), 2012 WL 6864600, at *3 (C.D. Cal.

18   Dec. 18, 2012), and the rough equivalent to the heavy burden a litigant face in proving a

19   claim for punitive damages under § 1983. *See Smith v. Wade*, 461 U.S. 30, 53–56 (1983).

20           The Eighth Amendment's objective prong requires exposure to a "substantial risk"

21   that could result in "serious harm." *Farmer*, 511 U.S. at 834. Substantial risk is one that is

22   "sure or very likely to cause serious illness and needless suffering" and gives rise to

23   "sufficiently imminent dangers." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993). Further,

24   "an inadvertent [or negligent] failure to provide adequate medical care alone does not state

25   a claim under § 1983," and an isolated incident when compared to overall treatment

26   "ordinarily militates against a finding of deliberate indifference." *Jett v. Penner*, 439 F.3d

27   1091, 1096 (9th Cir. 2006) (internal quotations omitted); *see also Estelle*, 429 U.S. at 106

28   ("Medical malpractice does not become a constitutional violation merely because the victim

1  is a prisoner."); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("mere

2  malpractice, or even gross negligence, does not suffice").  Moreover, a "difference of

3  opinion does not amount to deliberate indifference to [an inmate's] serious medical needs."

4  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

5      Here, Plaintiff fails to state a claim for inadequate medical care.  Plaintiff alleges that

6  he was cut by tight handcuffs, which allegedly evolved into an MRSA infection. (Dkt 1-1,

7  at 3-4.)  Plaintiff also alleges that, after he arrived at CAFCC, he did not receive medical

8  care until 3:30 a.m. and was told to wait until the morning to see the day team. (*Id.*)

9      Plaintiff fails to allege that *any* CoreCivic staff knew of Plaintiff's alleged medical

10  condition and merely referred to unnamed COs. (*Id.*) This alone fails to state a claim

11  because Plaintiff must identify *who* is alleged to have done *what*.  *See Jones v. Henry*, No.

12  CV 21-00667-PHX-JAT (JZB), 2021 WL 2376669, at *4 (D. Ariz. June 10, 2021) ("Given

13  the complaint's use of either the collective term 'Defendants' or a list of the defendants

14  named individually but with no distinction as to what acts are attributable to whom, it is

15  impossible for any of these individuals to ascertain what particular unconstitutional acts

16  they are alleged to have committed.")).

17      Plaintiff does not allege that CoreCivic staff knew of Plaintiff's MRSA infection and

18  appreciated the seriousness of those conditions but disregarded them.  *See Farmer*, 511 U.S.

19  at 837.  Plaintiff does not allege that he informed CoreCivic staff of the Court's Order to

20  provide him medical care upon arrival at CAFCC.  Nor does Plaintiff allege that he notified

21  CoreCivic staff that he experienced an allergic reaction at the courthouse and/or obtained

22  an injury during transport.  Plaintiff's allegations are woefully inadequate to state a claim

23  for relief.[2]  *See Farmer*, 511 U.S. at 837.

24      Plaintiff also fails to allege that a CoreCivic custom, policy, or practice was the

---

25  [2] Contrary to Plaintiff's allegations, the Complaint asserts that once CoreCivic staff

26  became aware of Plaintiff's condition, he was provided immediate care. Plaintiff alleges
   after seeing his condition, medical then sent him to MGMC for further treatment. (Dkt. 1-

27  1, at 4.) He also alleges that CoreCivic staff facilitated follow-up appointments for him to
   ensure adequate care following his surgeries. (*Id.*) Thus, once CAFCC staff became aware

28  of Plaintiff's condition, he received immediate medical attention, which Plaintiff concedes.

moving force behind any alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (finding no respondeat superior liability under § 1983). To state a claim against CoreCivic, Plaintiff must allege: (1) an underlying constitutional violation by a CoreCivic employee; and (2) that a CoreCivic custom, policy, or practice was the "moving force" behind the underlying constitutional violation allegedly committed by a CoreCivic employee. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell*, 436 U.S. at 694. Plaintiff must also allege "a direct causal link between a [CoreCivic] policy or custom and the alleged constitutional deprivation." *Harris*, 489 U.S. at 385.

Plaintiff fails to show that any CoreCivic employee violated his constitutional rights. He also fails to allege that any CoreCivic custom, policy, or practice caused his injury if any. *See Monell*, 436 U.S. at 694. Plaintiff fails to state a claim against CoreCivic.

**D.      Plaintiff's Cruel and Unusual Punishment Claim Fails.**

"After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "What is necessary to establish an 'unnecessary and wanton infliction of pain[]' … varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For example, a prisoner alleging inadequate medical care must allege deliberate indifference to their "serious medical needs," *Estelle*, 429 U.S. at 104; and a prisoner alleging excessive force must allege that the force was applied "maliciously and sadistically for the very purpose of causing harm," *Whitley*, 475 U.S. at 320–21.

Here, Plaintiff vaguely and in a conclusory fashion alleges excessive force by an unnamed CoreCivic officer for putting tight handcuffs on him. (*See* Dkt. 1-1, at 3.) Plaintiff fails to allege any details of this incident: when, how, why, and what was done by the officers and Plaintiff does not allege that the unnamed officer "maliciously and sadistically for the very purpose of causing harm," *See Whitley*, 475 U.S. at 320–21. Plaintiff merely alleges that the officers did not respond to his complaint of the handcuffs being too tight. Without more, Plaintiff fails to state an excessive force claim. Further, as detailed above,

1    Plaintiff cannot state federal claims against the unnamed CoreCivic employee.

2          While Plaintiff also states in passing that he suffered cruel and unusual punishment

3    due to CoreCivic's alleged denial of pain medication, (*see* Dkt. 1-1, at 4-5), the Complaint

4    is devoid of any other information from which CoreCivic could discern the basis of this

5    claim. *See Twombly*, 550 U.S. at 555.  Further, this claim should be dismissed as duplicative

6    of Plaintiff's claim for inadequate medical care.  *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d

7    1082, 1092 (9th Cir. 2012) (citation omitted) ("It is well established that a district court has

8    broad   discretion   to   control   its   own   docket,   and   that   includes   the   power

9    to dismiss duplicative claims.").

10         Even if the Court does not dismiss this claim as duplicative, Plaintiff's allegation

11   that he was denied pain medication, in and of itself, is insufficient to state a claim for cruel

12   and unusual punishment.  There is "wide discretion necessarily vested in state prison

13   authorities as to the nature and extent of medical treatment of prisoners."  *Stiltner v. Rhay*,

14   371 F.2d 420, 421 n.3 (9th Cir. 1967) (citations omitted) (upholding dismissal where inmate

15   with chronic back pain alleged he had "on occasion been given some type of pills for

16   medication or some type of physical therapy, which does not help the plaintiff's back and

17   neck").  This isolated incident of alleged denial of medical care when compared to the

18   overall medical treatment CoreCivic provided to Plaintiff militates against a finding of

19   deliberate indifference.  *See Jett*, 439 F.3d at 1096.  Thus, Plaintiff's allegation that he was

20   denied pain medication does not constitute deliberate indifference.  *See Rodriguez v.*

21   *Thomas*, No. CV2000527PHXDWLJFM, 2021 WL 2407783, at *4-5 (D. Ariz. May 10,

22   2021) (finding prison medical official's denial of inmate's prescription medication was not

23   deliberately indifferent where inmate's medical history form did not list prescription as

24   current medication).

25         Moreover, differences in judgment between a prisoner and a prison official regarding

26   an appropriate medical diagnosis and course of treatment are not enough to establish a

27   deliberate indifference claim.  *See Estelle*, 429 U.S. at 107–08; *Stiltner*, 371 F.2d at 421 n.3

28   ("Thus, plaintiff's allegations show only that he has not been receiving the kind and quality

8

of medical treatment he believes is indicated.").  To establish deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances … and … that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff's allegation amounts to nothing more than a mere disagreement with his medical treatment, which is insufficient to state a claim for relief.  *See Estelle*, 429 U.S. at 107–08; *Sanchez* 891 F.2d at 242.

### E.    Plaintiff Fails to State a Medical Malpractice Claim.

Plaintiff fails to file a certification under A.R.S. § 12-2603, which requires that "[i]f a claim against a health care professional is asserted in a civil action, the claimant ... shall certify in a written statement that is filed and served with the claim ... whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim." *See* A.R.S. § 12-2603.  *see also Amor v. Arizona*, No. CV–06–499–TUC–CKJ, 2010 WL 960379, at *3 (D. Ariz. Mar. 15, 2010) (holding A.R.S. § 12-2603 applies to the plaintiff's state law medical malpractice claims.).

Additionally, in medical malpractice actions, as in all negligence actions, the plaintiff must prove the existence of a duty, a breach of that duty, causation, and damages. *Smethers v. Campion*, 210 Ariz. 167, 170 ¶ 12 (App.2005).  Plaintiff fails to specify any factual basis for his medical malpractice claim.  Indeed, Plaintiff only lists "medical malpractice" as a part of his "demand for relief."  Plaintiff does not allege what duty was owed to him, or how that was breached.  Plaintiff's conclusory statement fails to state a medical malpractice claim.  *See Ashcroft*, 556 U.S. at 678.

### IV.   Conclusion

In sum, CoreCivic respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice because Plaintiff fails to state a claim upon which relief may be granted.

1

2          DATED this 14th day of March, 2022.

3

4                                              STRUCK LOVE BOJANOWSKI & ACEDO, PLC

5                                              By /s/ Yulingxuan Liu

6                                                 Daniel P. Struck
                                                  Yulingxuan Liu
7                                                 3100 West Ray Road, Suite 300
                                                  Chandler, Arizona 85226

8                                                 *Attorneys for Defendant CoreCivic*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Michael Wescott
3120 E. Adams Street #5
Tucson, AZ 85716
*Plaintiff Pro Se*

/s/ S. Berry